# EXHIBIT A

RECEIVED
AUG 12 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AUG 12 2005

RECEIVED
AUG 12 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



IN THE NORTHERN DISTRICT OF ILLINOIS
UNITED STATES DISTRICT COURT
EASTERN DIVISION

Larry Cherry )
 )
    Plaintiff )
 )
Vs. )
 )
Debt Recovery Solutions Inc. )
Millenium Inc, Citifinancial Inc., 
Litton Mortgage Services Inc., First Premier Inc., 
Select Portfolio Servicing Inc., Harvard Collections 
Inc.., Officemax Inc, Associates Finance Inc., 
American Collections Inc. Z-tel Communications 
Inc, Medical Business Bureau Inc.
    Defendant

05C 4622

JUDGE HOLDERMAN

MAGISTRATE JUDGE SCHENKIER

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the defendants for violations of the Fair Credit Reporting Act ( Hereafter referred to as the "FCRA". 15 U.S.C. 1681 et seq., as amended. And

### JURISDICTION AND VENUE

2. Jurisdiction of this Court lies properly under 15 U.S.C. 1681p, 28 U.S.C. 1331, 1337. Venue lies properly in this district pursuant to 28.U.S.C. 1391b.

### PARTIES

3. Plaintiff Larry Cherry is an adult citizen and resident of the State of Illinois.

4. Select Portfolio Servicing Inc. is a Texas Corporation doing business in the State of Illinois.

5. Debt Recovery Solutions Inc. is a Illinois Corporation doing business in the State of Illinois.

6. Litton Mortgage Services Inc. is a Texas Corporation doing business in the State of Illinois.

7. First Premier Inc. is a Illinois Corporation doing business in the State of Illinois.

8. Citifinancial Inc. is a Illinois Corporation doing business in the State of Illinois.

9. Associates Inc. is a Illinois Corporation doing business in the State of Illinois.

10. Millenium Inc. is a Illinois Corporation doing business in the State of Illinois.

11. Harvard Collections Inc. is a Illinois Corporation doing business in the State of Illinois.

12. Z-tel Communications Inc. is a Illinois Corporation doing business in the State of Illinois and throughout the country.

## FACTUAL ALLEGATIONS

12. Defendant's Millenium Inc, Citifinancial Inc., Debt Recovery Solutions Inc,, Litton Mortgage Services Inc., First Premier Inc., Select Portfolio Servicing Inc., Harvard Collections Inc. ., Officemax Inc, Associates Finance Inc., American Collections Inc. Z-tel Communications Inc. ., , and Medical Business Bureau Inc. have all made derogatory reports to one or more of the major three credit bureaus in the name of Plaintiff Cherry.

13. Plaintiff has sent certified communications to the credit bureau and to each defendant to rectify the incorrect reporting.(see attached)

14. To date all listed Defendants have refused to remove their erroneous reporting.

15. All Defendants have willfully, intentionally, negligently, and repeatedly verified erroneous information to Plaintiff's credit.

16. Defendants have been reporting derogatory and inaccurate statements relating to plaintiff's credit history.

17. The inaccurate information of which Plaintiff complains is an account or tradeline,

18. However, the Defendants have disseminated credit reports that the information is reported correctly.

19. The inaccurate information negatively reflects upon the plaintiff, the plaintiff's credit repayment history, plaintiff's financial responsibility as a debtor and plaintiff's credit worthiness.

20. The credit reports have been and continue to be disseminated to various persons and credit grantors both known and unknown.

21. Defendant has continued to publish the inaccurate information to various third parties, persons, entities and credit grantors..

22. Despite Plaintiff's efforts to date, defendant has nonetheless deliberately, willfully, wantonly, intentionally, recklessly, negligently continued to report this information as belonging to the plaintiff.

23. Plaintiff has been damaged and continues to damaged in the following ways.
a. Denial of credit by several creditors over the past few years.
b. Out of pocket expenses associated with disputing the information only to find that the information remained on the report.
c. Emotional distress and mental anguish associated with having incorrect derogatory information transmitted to people both known and unknown.
d. Decreased credit score which may result in inability to retain credit on future attempts.

24. At all times hereto, the conduct of the defendant, as well as that of their agents, servants and/or employees was malicious, willful, intentional reckless, and in grossly negligent disregard for the federal and state laws and the rights of the plaintiffs herein.

## COUNT ONE –VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT AND FAIR CREDIT REPORTING ACT, UDAP VIOLATION.

25. Plaintiff incorporates the foregoing paragraph labeled "FACTUAL ALLEGATIONS " as through the same were set forth at length herein.

26. Defendants Millenium and American Collections Inc. are collection agencies for TCF bank.

27. Defendants Millenium and American Collections Inc. were sent notice in April of 2004 that TCF had no legal standing to collect or report derogatory information to credit agencies.

28. Millenium responded to plaintiff that Plaintiff's concerns were frivolous.

29. Defendants Millenium and American Collections Inc. willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15U.S.C. 1681i(a);

30. The conduct of the defendant was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief , as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders;

a. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
b. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
c. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
d. Such and other relief that may be necessary just and proper.

## COUNT TWO – MISAPPLICATION OF PAYMENTS, VIOLATIONS OF FCRA, BAD FAITH

31. Plaintiff incorporates the foregoing paragraph labeled "FACTUAL ALLEGATIONS " as through the same were set forth at length herein.

32. Defendant Citifinancial Inc. was a credit account opened by Associates. in 1998.

33. Associates misapplied payments that would have paid account off and subsequently lost the checks.

34. Plaintiff disputed the remaining balance reported by Citifinancial and subsequently paid the account off with a restrictive endorsement check on in June of 2002 in good faith.

35. Citifinancial accepted and cashed said check.

36. According to the Uniform Commercial Code, the check is paid in fll.

37. Plaintiff then sent a "Demand for Reconveyance" requesting return of Plaintiff's original note.

38. Defendant Citifinancial has not responded to date.

39. Defendant Citifinancial has maintained regularly derogatory reportings to credit bureau stating that Plaintiff owes a balance on said account.

40. Defendant Citifinancial willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15U.S.C. 1681i(a);

41. The conduct of the defendant was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief, as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders;

e. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
f. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
g. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
h. Such and other relief that may be necessary just and proper.

### COUNT THREE- VIOLATIONS OF FCRA, VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT,

42. Plaintiff incorporates the foregoing paragraph labeled "FACTUAL ALLEGATIONS" as through the same were set forth at length herein.

43. Defendant Debt Recovery Solutions placed a derogatory rating on Plaintiff's report for their client Z-tel Communications.

44. Plaintiff ordered phone service from Ztel,

45. The phone service was never operative

46. Plaintiff repeatedly complained to Ztel about the bill.

47. Plaintiff explained situation to Defendant Debt Recovery Solutions by phone and certified mail.

48. Ztel Communications and their agent have refused to correct the erroneous credit report.

49. Defendant Debt Recovery Solutions and Ztel Communications willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15U.S.C. 1681i(a);

50. The conduct of the defendant was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief, as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders;

i. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
j. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
k. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
l. Such and other relief that may be necessary just and proper.

### COUNT FOUR- FRAUD, MISREPRESENTATION, FCRA VIOLATIONS, VIOLATIONON OF U.C.C. 3:603

51. Plaintiff incorporates the foregoing paragraph labeled "FACTUAL ALLEGATIONS " as through the same were set forth at length herein.

52. Defendant First Premier issued a credit card to Plaintiff in 2004.

53. When Defendant received card there was a charge of $239.00 for various fees on a card with the credit limit being $500.00.

54. Defendant sent payment of $4,000.00 to increase credit limit and pay off balance within 90 days of receiving card.

55. Defendant refused to credit said account and never returned the payment.

56. According to 3:603 of the Uniform Commercial Code " a tender of amount"

57. The account is paid in full due to Defendant's refusal to apply valid payment.

58. First Premier Inc. has continued to report the account with a remaining balance and bearing late payments.

59. Plaintiff First Premier willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15U.S.C. 1681i(a);

60. The conduct of the defendant was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief, as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders;

m. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
n. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
o. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
p. Such and other relief that may be necessary just and proper.

## COUNT FIVE – MISREPRESENATION, BREACH OF FIDUCIARY DUTY, FRAUD, UNJUST ENRICHMENT, VIOLATIONS OF FCRA.

61. Plaintiff incorporates the foregoing paragraph labeled "FACTUAL ALLEGATIONS" as through the same were set forth at length herein.

62. In September of 1997, Plaintiff obtained a mortgage from Associates.

63. Subsequently Associates misapplied payments causing the property to go into foreclosure.

64. The servicing was taken over by Defendant Litton Loan Servicing who later filed foreclosure.

65. Plaintiff paid the loan in full like kind payment received at the original loan closing.

66. Defendant Associates Inc. promised refinancing of Plaintiff's loan in order to induce Plaintiff into a high cost loan.

67. Subsequently Defendant Associates Inc.Plaintiff refused to refinance the property.

68. These actions caused the foreclosure and loss of Plaintiff's property.

69. Defendant Litton Loan Services and agent for Associates was unfairly enriched with fees, and obtaining Plaintiff's property that had significant equity.

70. At some point the servicing was switched to Fairbanks Capital Inc.

71. Fairbanks later changed their name to Select Portfolio Servicing Inc.
Fairbanks Capital Inc.

72. Defendants Litton Loan Servicing Inc, Associates Inc. and Select Portfolio Servicing Inc. willfully and negligently failing to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15U.S.C. 1681l(a);

73. The conduct of the defendant was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief , as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders;

q. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
r. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
s. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
t. Such and other relief that may be necessary just and proper.

## COUNT SIX – VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT AND FAIR CREDIT REPORTING ACT, NEGLIGENCE

74. Plaintiff incorporates the foregoing paragraph labeled "FACTUAL ALLEGATIONS " as through the same were set forth at length herein.

75. Defendants Harvard Collections, Medical Business Bureau and CDA Pontiac are reporting derogatory information about Plaintiff regarding various hospital bills to major credit reporting agencies.

76. At the time of the bills in question, Plaintiff maintained full medical insurance.

77. The bills in question were paid in full.

78. Defendants Harvard Collections Inc., Medical Business Bureau and CDA Pontiac did not verify validity of debt before reporting derogatory information on Plaintiff Cherry.

79. Defendants Harvard Collections, Medical Business Bureau and CDA Pontiac willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15U.S.C. 1681i(a);

80. The conduct of the defendants was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief, as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders;

- u. An order directing the Defendants immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
- v. An order directing that Defendants pay actual damages to Plaintiff incurred as a result of Defendant's actions
- w. An order directing that Defendants pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
- x. Such and other relief that may be necessary just and proper.

Respectfully Submitted,

Larry Cherry

Larry Cherry, Pro Se
10501 S. Wabash
Chicago, Illinois 60628