IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY CHERRY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ASSET ACCEPTANCE INC., et al., )<br>)<br>Defendant ) | No. 09 CV 4825<br><br>Honorable Judge Zagel<br>Magistrate Judge Cox |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO COMPEL ARBITRATION**

**I. INTRODUCTION**

Plaintiff Larry Cherry brings this individual action against numerous defendants including Defendant Applied Bank, claiming that Defendant violated 15 U.S.C. 1681i(a) of the Fair Credit Reporting Act. Plaintiff alleges that Applied Bank "failed to conduct a reasonable and proper investigation concerning the accuracy" of information reported to the credit agencies related to the unpaid balance on Plaintiff's Applied Bank account. (Ex. A, Compl. ¶ 45). When Plaintiff used his Applied Bank Credit Card (Ex. B, Applied Bank Credit Card Agreement) he agreed to be bound by the Applied Bank Credit Card Agreement. This Agreement contains an Arbitration Provision that allows for a customer to exclude him or herself by providing written notice to Applied Card. (Id.) The Arbitration Provision specified that the Federal Arbitration Act, 9 U.S.C. §§ 1-16 would govern any action that "arises as a result of or has anything at all to do with: (1) your Account . . . (5)your relationship with us." (Id.) Plaintiff never provided Applied Bank with notice that he wished to be excluded from the Arbitration Provision. Thus, Plaintiff accepted the Arbitration Provision as part of his Applied Bank Credit Card Agreement.

On or about August 6, 2009, Plaintiff filed the instant lawsuit and sent via registered mail a copy of the Complaint to Applied Bank. On October 22, 2009, Applied Bank sent Plaintiff a

letter pursuant to the Arbitration Provision, notifying Plaintiff of Applied Bank's intent to resolve his claim through arbitration. (Ex. C, Letter to Plaintiff dated October 22, 2009) As of November 2, 2009, Plaintiff has yet to respond to Applied Bank's letter. Plaintiff's claim falls within the scope of the Arbitration Provision because it arises out of the use of his Applied Bank Credit Card as well as his relationship with Applied Bank. (Ex. B). Applied Bank now moves to compel arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and stay the pending litigation pursuant to Section 3 of the FAA, 9 U.S.C. § 3.

## II. BACKGROUND

The present action arises out of Plaintiff's use of his Applied Bank Credit Card. (See Ex. A ¶¶ 38-46). Plaintiff alleges that "Applied Bank placed a derogatory rating on Plaintiff's report stating that Plaintiff owed Defendant Applied Bank $809.00 dollars." (Id. ¶ 42). As a result, Plaintiff filed the present action alleging that: "Defendant willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. 1681i(a)." (Id. ¶ 45).

The following are the relevant facts that led to Plaintiff's lawsuit. On or about May 28, 2004, Plaintiff opened his Applied Bank Credit Card Account with a security deposit of $500.[1] Plaintiff used his Applied Bank Credit Card through May of 2007. The last payment made on the account was received on September 10, 2007, when Applied Bank received a check for $900. On September 20, 2007, this check was returned due to invalid bank information. On January 31, 2008, the total unpaid balance of Plaintiff's account was $1337.54. Applied Bank applied $527.92, representing Plaintiff's security deposit of $500 plus interest, and charged off the

---

[1] Plaintiff's Applied Bank statements for June 2004, May 2007, and September 2007 are attached as Exhibit D. These statements show Plaintiff's use of his account and the returned check that occurred in September 2007. Plaintiff's Statements, while not attached to the Complaint, are properly relied upon in deciding Applied Card Bank's Motion to Compel Arbitration. See Falbe v. Dell, Inc., No. 04 C 1425, 2004 WL 1588243 *1 n. 1 (N.D. Ill. July 14, 2004)(citing Jacobsen v. J.K. Pontiac GMC Truck, Inc., No. 01 C 4312, 2001 WL 1568817 * 1 n. 1 (N.D. Ill. Dec. 10, 2001)).

remaining unpaid balance of $809.62. On December 22, 2008, Applied Bank received Plaintiff's credit bureau disputes. Applied Bank investigated the dispute and issued a report reflecting a valid charge off. Plaintiff filed the present action on August 6, 2009. (Ex. A).

### III. ARGUMENT

**A. Plaintiff's Claim Should Be Referred to Arbitration**

Plaintiff's claim should be submitted to arbitration for three reasons. First, the Federal Arbitration Act applies to the Applied Bank Agreement. Second, Applied Bank created a binding arbitration agreement by notifying Plaintiff of its intent to arbitrate his claim pursuant to the Arbitration Provision in the Applied Bank Credit Card Agreement. Finally, Plaintiff's claim falls within the scope of the Arbitration Provision contained in the Applied Bank Credit Card Agreement.

The Federal Arbitration Act ("FAA") governs the interpretation and application of arbitration clauses in commercial contracts in federal courts. 9 U.S.C. §§ 1-16; Perry v. Thomas, 482 U.S. 483, 489 (1987). Section 2 of the FAA represents a strong policy in favor of arbitration as a method for resolving disputes. 9 U.S.C. § 2; Dial-A-Mattress Int'l, 1 F.3d 639, 641 (7th Cir. 1993). The FAA provides that if a party refuses to arbitrate under an agreement, the aggrieved party "may petition any United States District Court which . . . would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Once the FAA is found to apply, a court must determine: (1) whether a valid agreement to arbitrate exists, and (2) whether the claim falls within the scope of the agreement. AT&T Techs., Inc. v. CWA, 475 U.S. 643, 649-50 (1986); Int'l Bhd of Elec. Workers v. Ill. Bell Telephone Co., 491 F.3d 685, 687-88 (7th Cir. 2007); Thomas v. Amer. Gen. Fin., No. 08 C 3009, 2009 WL 781078, at *2 (N.D. Ill. Mar. 23, 2009).

**1. The Federal Arbitration Act Applies to the Applied Bank Credit Card Agreement**

In this case, the FAA applies to the Applied Bank Credit Card Agreement because Plaintiff accepted both the agreement and the Arbitration Provision which stated that the law governing the provision is the FAA.

The relationship between Applied Bank and its customers is governed by the Applied Bank Credit Card Agreement. (Ex. B). The first paragraph of the agreement states:

> This agreement governs your account . . . The Agreement (or any prior agreement we provided to you) becomes effective when your Account was approved. If you do not agree to abide by the terms of this Agreement, you must terminate your account, in the manner provided in this Agreement, before you attempt to obtain the first Cash Advance or Purchase on your Account or otherwise use your account.

(Ex. B).

Plaintiff accepted the Applied Bank Credit Card Agreement by depositing $500 as security, accepting his credit card, and using the card without terminating his account. The second paragraph of the Applied Bank Credit Card Agreement contains a bolded paragraph which states:

> **THIS AGREEMENT CONTAINS AN ARBITRATION PROVISION THAT MAY SUBSTANTIALLY LIMIT OR AFFECT YOUR RIGHTS. AS SET FORTH IN THE ARBITRATION PROVISION, YOU MAY EXCLUDE YOURSELF FROM THE ARBITRATION PROVISION WITHOUT AFFECTING YOUR RIGHT TO CREDIT OR ANY OTHER TERMS TO THIS AGREEMENT IF YOU PROMPTLY SEND US A WRITTEN NOTICE. PLEASE READ THE ARBITRATION PROVISION CAREFULLY AND KEEP IT FOR YOUR RECORD.**

(Ex. B).

Plaintiff also accepted the Arbitration Provision by not choosing to exclude himself from the Arbitration Provision as provided in the Applied Bank Credit Card Agreement. Finally, the Arbitration Provision contains a "Governing Law" section that states, "This Agreement involves interstate commerce and this Arbitration Provision is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq." (Ex. B). Therefore, the FAA applies to Plaintiff's Applied

Bank Credit Card Agreement because he accepted the Applied Bank Credit Card Agreement which designated that the FAA would apply.

### 2. Applied Bank's Written Notice to Plaintiff Coupled with Plaintiff's Acceptance of the Arbitration Provision Created a Valid Agreement to Arbitrate

Plaintiff's acceptance of the Applied Bank Credit Agreement coupled with Applied Card's written notice to Plaintiff created a valid agreement to arbitrate Plaintiff's claim. The Arbitration Provision contains a section titled "Starting an Arbitration" that reads as follows:

> You or we can give written notice of an intention to begin arbitration of a Claim or Claims or to require arbitration of the other party's Claim or Claims. This notice can be given by one party even if the other party has begun a lawsuit. If such a notice is given, any Claim will be resolved by arbitration under the Arbitration Provision and the Administrator's Rules that are in effect at the time the Claim is filed with the Administrator.

(Ex. B).

In this case, Plaintiff filed his Complaint in this Court on August 6, 2009. As stated above, Plaintiff accepted both the Applied Bank Credit Agreement as well as the Arbitration Provision contained therein. On October 22, 2009, Applied Bank exercised its right to arbitrate Plaintiff's claim by sending written notice to Plaintiff pursuant to the Arbitration Provision. Accordingly, a valid agreement to arbitrate was created when Applied Bank sent its written notice to Plaintiff.

### 3. Plaintiff's Claim Falls Within the Scope of the Arbitration Provision

Finally, Plaintiff's claim falls squarely within the scope of the Arbitration Provision. The provision contains a section titled "Certain Definitions." This section defines "Claim" as:

> any dispute between you and us that cannot be resolved without a judicial or arbitration proceed and arises as a result of or has anything at all to do with: (1) your Account; (2) the events leading up to your becoming an Account holder; (3) this Agreement (including this Arbitration Provision); (4) any prior credit account or agreement relating to such account; or (5) your relationship with us.

(Ex. B).

In the present case, Plaintiff's claim arises out of both (1) Plaintiff's Account and (5) Plaintiff's relationship with Applied Bank. In his Complaint, Plaintiff alleges that Applied Bank placed a negative rating on his credit report for an unpaid balance of $809, charged more interest than in Applied Bank's quoted APR, and "failed to conduct a reasonable and proper investigation concerning the accuracy" of information reported to the credit agencies related to the unpaid balance on Plaintiff's Applied Bank Card account. (Ex. A ¶¶ 42, 43, 45). These allegations arise out of disputes with Applied Bank related to both Plaintiff's Account as well as his relationship with Applied Bank. Therefore, Plaintiff's claim is within the scope of the Arbitration Provision.

## IV. CONCLUSION

In sum, Plaintiff must be compelled to submit to arbitration because the FAA applies to his claim, Plaintiff's acceptance of the Arbitration Provision coupled with Applied Bank's letter created a valid agreement to arbitrate, and Plaintiff's claim falls within the scope of the Arbitration Provision. For these reasons, this Court should grant Applied Card's motion to compel arbitration and the Court should stay or dismiss this action.

Dated: November 2, 2009

                              Respectfully Submitted

                              **APPLIED BANK**
                              *Defendant*

                              By     s/ Gary S. Caplan
                                     One of Its Attorneys

Gary S. Caplan (#6198263)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
(312)207-0100
gcaplan@reedsmith.com

## CERTIFICATE OF SERVICE

I, Gary S. Caplan, hereby certify that true and correct copies of **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION** were served upon the parties listed below via the Court's CM/ECF system this 2nd day of November, 2009, and mailed to Larry Cherry, 630 E. 90th Street, Chicago, Illinois 60678.

s/ Gary S. Caplan
Gary S. Caplan