**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Larry Cherry, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 09 CV 4825 |
| | ) | |
| Asset Acceptance, LLC, Ballys, Inc., Applied | ) | Judge Zagel |
| Bank, Inc., First Premier, Inc., Commonwealth | ) | |
| Edison, CBE Group, Inc., Jutla Sanjay, Illinois | ) | |
| Collection Services, Inc., Harvard Collection | ) | |
| Services, Inc., Nationwide Credit and | ) | |
| Collections, Inc. and HSBC Bank, Inc., | ) | |
| | | |
| Defendants. | | |

## MEMORANDUM IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS

### I.    INTRODUCTION

Plaintiff claims Asset and Mr. Jutla violated the Fair Credit Reporting Act ("FCRA"), the

Fair Debt Collection Practices Act ("FDCPA"), the "Illinois UDAP"[1] and committed fraud

because they allegedly (1) obtained a state court judgment against him on his unpaid debt

without proper service and (2) made derogatory reports to the credit bureaus about his Bally's

and Ameritech accounts without investigating the accuracy of the information they were

reporting.  (Complaint, Ex. A, ¶¶9, 10, 17, 20, 21).  His claims fail for the following reasons:

- The *Rooker-Feldman* doctrine bars plaintiff's FCRA and FDCPA claims related to the state court judgment Asset obtained against him,

- The doctrine of *res judicata* bars plaintiff's FCRA, FDCPA, Illinois UDPA and fraud claims related to the state court judgment Asset obtained against him,

- No private right of action is recognized under the FCRA,

- The FCRA's exclusive remedy bars plaintiff's fraud and UDAP claims and

- The Complaint fails to plead an FDCPA claim against Asset or Mr. Jutla.

---

[1] In Count I's heading, plaintiff cites the "Illinois UDAP." Plaintiff does not have a citation for the "UDAP" anywhere in his Complaint.

## II.  SUMMARY OF COMPLAINT'S RELEVANT ALLEGATIONS

Plaintiff alleges Asset made derogatory reports about his Ameritech and Ballys accounts to the credit bureaus.  (Ex. A, ¶5, 6, 10, 13-15).  Plaintiff sent Asset and the credit bureau certified letters "to rectify the alleged incorrect reporting," but "defendants have refused to remove the erroneous reporting."  (Ex. A, ¶11, 12).

On May 23, 2007, Asset sued plaintiff in the Circuit Court of Cook County, Illinois to collect an unpaid debt.  (Ex. A, ¶8).  Mr. Jutla, Asset's collection attorney, filed the complaint. (Ex. A, ¶8).  Plaintiff's agent allegedly misrepresented that plaintiff was served by alias summons to the Court.  (Ex. A, ¶8).  On November 15, 2007, Asset obtained a judgment against plaintiff on the debt.  (Ex. A, ¶9; Ex. B).[2]  Plaintiff allegedly knew "nothing of these proceedings until having checked his credit months later."  (Ex. A, ¶10).  Plaintiff filed a "Petition to Vacate" the judgment for lack of jurisdiction and "a hearing is pending."  (Ex. A, ¶10-11).

As to his Ballys account, plaintiff claims he never had an enforceable contract with Ballys and Asset should have known that.  (Ex. A, ¶14, 19).  Plaintiff claims Asset reported derogatory information about the Ballys account to "various credit reporting agencies."  (Ex A, ¶20).

As a result of Asset's alleged derogatory credit reporting, failure to conduct a "reasonable and proper investigation concerning the accuracy of the information" under §1681i(a) of the FCRA and Mr. Jutla's actions in state court, plaintiff claims he lost "opportunities to have credit extended to him."  (Ex. A, ¶12, 20, 21).

---

[2]  The court can take judicial notice of Asset's default judgment.  See, *Goran v. Glieberman*, 276 Ill.App.3d 590, 659 N.E.2d 56 (1st. Dist. 1995) (if facts of another case are readily verifiable from sources of indisputable accuracy, then they may be judicially noticed without presentation of additional evidence if such judicial notice will aid in efficient disposition of litigation.).

### III.    ARGUMENT

**A.  Plaintiff's claims related to the state court judgment Asset obtained against him are barred by the *Rooker –Feldman* doctrine.**

Plaintiff alleges that Asset and Mr. Jutla violated the FCRA, FDCPA, "Illinois UDAP" and committed fraud because they obtained a judgment against him in state court on his unpaid account without proper service.  (Ex. A, ¶7-9, 10).  However, he cannot pursue any of these claims in federal court because they are barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments…no matter how erroneous or unconstitutional the state court judgment may be."  *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008), *citing Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002).  The doctrine applies not only to claims that were actually raised before the state court, but also claims that are inextricably intertwined with state court determinations.  *Id.*  A state litigant seeking review of a state court judgment must follow the appellate process through the state court system and then directly to the United States Supreme Court.  *Id.*; see also *Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529 (7th Cir. 2004)(*Rooker-Feldman* doctrine bars plaintiff's claims where her claims were either de facto appeals of or were inextricably intertwined with the state court's judgment of foreclosure).

In *Kelley*, plaintiffs alleged that Med-1, a debt collector, violated the FDCPA by filing collection actions against them in which it represented that it was entitled to attorneys fees.  In the small claims actions, Med-1 had obtained judgments against the plaintiffs which included attorneys' fees.  The court barred the FDCPA claims based on the *Rooker-Feldman* doctrine:

> Because defendants needed to prevail in state court in order to capitalize on the alleged fraud, the FDCPA claims that plaintiffs bring ultimately require us to evaluate the state court judgments.  We could not determine that defendants'

3

representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees. *Id*. at 605.

The same logic applies here. Plaintiff challenges the "Illinois state court judgment" defendants obtained against him on his unpaid Ameritech debt. (Ex. A, ¶¶7, 9-10). What is more, plaintiff admits the hearing on his "Petition to Vacate the judgment . . . is pending." (Ex. A, ¶11). The *Rooker-Feldman* doctrine prevents this court from reviewing the judgment and from acting as a court of review over the state court judgment. Moreover, plaintiff cannot request a federal court to adjudicate the judgment's validity when the state court judge will. *Maple Lanes, Inc. v. Messer*, 186 F.3d 823, 825 (7th Cir. 1999)("Plaintiff may not circumvent the effect of *Rooker-Feldman* simply by casting a complaint in the form of a federal civil rights action."). Therefore, plaintiff's FCRA and FDCPA claims against Asset and Mr. Jutla which are related to Asset's state court judgment against him are barred under the *Rooker-Feldman* doctrine. As such, Count I of plaintiff's Complaint should be dismissed with prejudice.

> **B.**      **The doctrine of *res judicata* bars the allegations in Count I because they involve his unpaid debt that plaintiff and Asset litigated in state court.**

Plaintiff alleges Asset and Mr. Jutla violated the FCRA, FDCPA, "Illinois UDAP" and committed fraud because they obtained a judgment against him in state court without proper service. (Ex. A, ¶¶7-9, 10). However, *res judicata* bars him from pursuing these claims in federal court.

The doctrine of *res judicata* precludes a party, or those in privity with a party, from bringing a subsequent claim or re litigating an issue in a subsequent proceeding where the two claims arise "from the same core of operative facts." *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 307, 703 N.E.2d 883, 891 (1998); *Smith v. City of Chicago*, 820 F.3d 916, 917 (7th Cir. 1995). The bar extends not only to what was actually decided in the first action, but

4

also to those matters that could have been decided.  *River Park, Inc*., 184 Ill. 2d at 302.  For *res judicata* to apply, the following three elements must exist:  (1) final judgment on the merits in an earlier action: (2) identity of the cause of action in both the earlier and later suits and (3) an identity of parties in the two suits.  *Smith v. City of Chica*go, 820 F.3d at 917.  Here, each element exists.

As to the first element, it is uncontested that Asset obtained a judgment against plaintiff on November 15, 2007.  (Ex. A, ¶9; Ex. B).  A default judgment is a judgment for *res judicata* purposes.  *Schlangen v. Resolution Trust Corp*., 934 F.2d 143, 146 (7th Cir. 1991); *In re Marriage of Donnellan*, 158 Ill.App.3d 1032, 414 N.E.2d 167, 171 (1980)("…judgments of default have the same validity and force as those rendered upon trail of the issues.").  Element one is satisfied.

As to the second and third elements, the state court action deals with plaintiff's failure to pay a debt that Asset was attempting to collect from him.  (Ex. A, ¶8-10).  The federal Complaint deals with the same thing- Asset's and Mr. Jutla's alleged wrongdoing in state court for suing plaintiff to collect his unpaid debt.  *Id*.  The two cases involve the same issue, plaintiff's unpaid debt and defendants' collection actions, and the same parties, plaintiff and Asset.  Therefore, elements two and three are satisfied.

Since all three elements of *res judicata* are met, plaintiff's claims against Asset and Mr. Julta in Count I must be dismissed with prejudice.

**C.    Plaintiff's claim under §1681i(a) should be dismissed because the FCRA does not recognize a private right of action.**

Plaintiff claims Asset violated §1681i(a) of the FCRA because it furnished inaccurate information about him to credit bureaus and failed to conduct a "reasonable and proper investigation concerning the accuracy of the information (that Asset reported to the credit

5

bureaus) after receiving his disputes." (Ex. A, ¶12, 20). However, plaintiff cannot maintain a private cause of action under the FCRA against Asset.

The Seventh Circuit has held that the FCRA "creates a private right of action against a consumer reporting agency." *Wantz v. Experian Information Sys.*, 386 F.3d 829, 811 (7th Cir. 2004). However, there is no private right of action for a plaintiff who claims a business provided incorrect credit information "unless the business received notice from the consumer reporting agency that a consumer is disputing his credit information." *Rollins v. Peoples Gas Light & Coke Co.*, 2005 WL 1804356, *2 (N.D.Ill. 2005); *Ruggerio v. Kavlich*, 411 F. Supp. 2d 734, 736 (E.D. Ohio 2005)(motion to dismiss granted because no private cause of action against furnishers); *Daniel v. Asset Acceptance, LLC*, No. 06-15600, 2007 WL 2134640, at *1 (E.D.Mich. 2007)(claims dismissed because no private right of action created by FCRA); see also *Wexler v. Bank of Amer. Auto Fin. Corp.*, 2001 WL 428155, *2 (N.D.Ill. 2001). That did not happen here, and, as a result, plaintiff's FCRA claims fail. *Cook v. Experian Information Serv.,* No. 02 C 3381, 2002 WL 31718624, *1 (N.D.Ill. 2002)(J. Zagel)(FCRA claims dismissed with prejudice because no allegation that furnisher received notice from credit bureaus of dispute).

In this case, plaintiff alleges that he disputed information related to his Ameritech and Bally's accounts with Asset. (Ex. A, ¶10, 11). However, plaintiff does not allege the consumer reporting agencies notified Asset about his disputes related to his Ameritech or Bally's accounts. In fact, plaintiff alleges exactly the opposite- that Asset failed to conduct a "reasonable and proper investigation concerning the accuracy of the information (that Asset reported to the credit bureaus) after receiving his disputes." (Ex. A, ¶10, 21). Even so, direct notification from a consumer is not enough. *Ruggerio*, 411 F. Supp. 2d at 737; *Westbrook v. Fifth Third Bank*, No.

3:05-0664, 2005 WL 3240624, at *3-5 (M.D. Tenn. 2005)(holding the duties under the FCRA are triggered only by notice from a consumer reporting agency; notice from a consumer is not enough).  As such, plaintiff's FCRA case against Asset is doomed and his claims should be dismissed with prejudice.  *Larry Cherry v. Debt Recovery Solutions, Inc., et al.*, No. 05 C 4622, dismissal order, p. 2 (August 15, 2005)(dismissing Mr. Cherry's FCRA claim *sua sponte* against multiple debt collectors because no private right of action available under the FCRA)(Ex. C).

>    **D.    Plaintiff's fraud and "Illinois UDAP" claims are preempted by the FCRA's exclusive remedy.**

Plaintiff alleges that Asset and Mr. Jutla committed fraud and violated the "Illinois UDAP" because they (1) obtained a state court judgment against him on his unpaid Ameritech debt without proper service and (2) made derogatory reports to the credit bureaus about his Bally's and Ameritech accounts without investigating the accuracy of the information.  (Ex. A, ¶¶9, 10, 17, 20-21).  However, the FCRA expressly preempts state law claims arising from alleged transmission of inaccurate information to a consumer reporting agency.  15 U.S.C. §1681s-2(a).

Section 1681s-2(a) of the FCRA requires that furnishers of information supply accurate information to consumer reporting agencies and must be read in conjunction with §1681t(b)(1)(F).  Section 1681t(b)(1)(F) provides that any state law claim implicating a furnisher's duty to transmit accurate information is preempted.  Accordingly, courts have repeatedly held that state law claims based on furnishing allegedly false or inaccurate information to a consumer reporting agency are preempted.  See*, Ross v. Washington Mutual Bank*, 566 F. Supp. 2d 468 (E.D.N.C. 2008); *Johnson v. JPMorgan Chase Bank*, 536 F. Supp. 2d 1207, 1214-15 (E.D. Cal. 2008); *Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255 (M.D. Ala. 2007); *Pacheco v. Citibank (South Dakota), N.A.*, 2007 WL 1241934, at *2 (N.D. Cal.

6498270v1 904997 49810

2007)("Any state statutory or common law claims premised on the provision of inaccurate or

false information to a consumer reporting agency are therefore preempted by the FCRA.");

*Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1130 (S.D. Cal. 2005); *Howard v. Blue Ridge*

*Bank*, 371 F. Supp. 2d 1139, 1143-44 (N.C. Cal. 2005); *Davis F. Maryland Bank*, No. 00-04191,

2002 WL 32713429 (N.D. Cal. 2002).

Here, plaintiff alleges that Asset furnished information about him to consumer reporting

agencies. Since Asset's duty to accurately report information is regulated by §1681s-2(a), and

plaintiff's fraud and Illinois UDAP claims are based upon this duty, they are preempted and must

be dismissed with prejudice.

### E. Plaintiff fails to state a claim against Asset or Mr. Julta under the FDCPA.

The FDCPA is referenced once in the Complaint as to Asset and Mr. Jutla. Count I's

heading reads: "Count One-Violations of Fair Debt Collection Practices Act and Fair Credit

Reporting Act, Illinois UDAP Violation and Fraud upon the court." (Ex. A, Count I). However,

Count I does not provide Asset and Mr. Jutla with notice of the FDCPA claims against them.

This reason alone requires dismissal of plaintiff's FDCPA claim against Asset and Mr. Jutla.

Under Fed. R. Civ. P. 12 (b)(6), a complaint's sufficiency is tested to determine whether

"accepting the allegations … as true and construing them liberally in favor of the plaintiff, the

complaint fails to allege enough facts to state a claim for relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). A complaint must

contain "more than the unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*

*v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Dismissal is warranted if the complaint lacks an

allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899

F.2d 485, 489-90 (6th Cir.1990).

6498270v1 904997 49810

Here, plaintiff's Complaint does not make one allegation against Asset or Mr. Jutla related to their conduct that allegedly violated the FDCPA.  Thus, defendants have no idea what FDCPA claims they have to defend.  To the extent plaintiff attempts to bootstrap his allegations that Asset and Mr. Jutla furnished derogatory information to the credit bureaus and failed to conduct a "reasonable and proper investigation concerning the accuracy of the information" they provided to the credit bureaus into an FDCPA claim, he cannot do so.  A collection agency does not have a duty to delete all references to a debt whenever a debt is contested.  See, *Bloom v. I.C. Sys., Inc.*, 972 F. 2d 1067, 1069-70 (9th Cir. 1992).

Plaintiff's Complaint does not state an FDCPA cause of action against Asset or Mr. Julta. Therefore, plaintiff's FDCPA claim should be dismissed with prejudice.

WHEREFORE, Defendants, Asset Acceptance, LLC and Sanjay Jutla, incorrectly sued herein as Jutla Sanjay, respectfully request that this Court enter an order dismissing Count I of plaintiff's Complaint against them with prejudice.

Respectfully submitted,

_s/  Corinne C. Heggie_____
One of the attorneys for Defendants,
**Asset Acceptance, LLC and Sanjay Jutla, incorrectly sued herein as Jutla Sanjay**

David M. Schultz
Corinne C. Heggie
HINSHAW & CULBERTSON LLP
222 N. LASALLE STREET, SUITE 300
CHICAGO, IL  60601
(312) 704-3000

6498270v1 904997 49810