**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Larry Cherry, )<br>        Plaintiff, )<br>vs. )<br>Asset Acceptance, LLC, Ballys, Inc., Applied )<br>Bank, Inc., First Premier, Inc., Commonwealth )<br>Edison, CBE Group, Inc., Jutla Sanjay, Illinois )<br>Collection Services, Inc., Harvard Collection )<br>Services, Inc., Nationwide Credit and )<br>Collections, Inc. and HSBC Bank, Inc., )<br>        Defendants. | Case No.: 09 CV 4825<br><br>Judge Zagel |

**MEMORANDUM IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff claims CBE violated the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA") and was negligent because it "entered a derogatory trade line" for an outstanding balance owed to ComEd. (Ex. A, Count VII, ¶63, 70). His claims fail for the following reasons:

- No private right of action is recognized under the FCRA,
- The FCRA's exclusive remedy bars plaintiff's negligence claim and
- The Complaint fails to plead an FDCPA claim against CBE.

## II. SUMMARY OF COMPLAINT'S RELEVANT ALLEGATIONS

Plaintiff alleges, "upon information and belief," that CBE made derogatory reports about his ComEd debt to consumer reporting agencies. (Ex. A, ¶63, 70). Plaintiff alleges the debt is not his. (Ex. A, ¶64). Plaintiff contacted CBE on two occasions to dispute the trade line. (Ex. A, ¶67). Plaintiff claims that "upon information and belief," CBE tries to decrease credit scores by making erroneous credit reports. (Ex. A, ¶66). As a result of CBE's alleged derogatory credit reporting, plaintiff claims his credit has been damages and lost "potential income." (Ex. A, ¶71).

### III.    ARGUMENT

**A. Plaintiff's claim should be dismissed because the FCRA does not recognize a private right of action**.

In Count VII, plaintiff seems to allege that CBE violated §1681i(a) of the FCRA because it furnished inaccurate information about him to credit bureaus when he disputed the ComEd trade line with CBE. (Ex. A, ¶63, 66, 70). However, plaintiff cannot maintain a private cause of action under the FCRA against CBE here.

The Seventh Circuit has held that the FCRA "creates a private right of action against a consumer reporting agency." *Wantz v. Experian Information Sys.*, 386 F.3d 829, 811 (7th Cir. 2004). However, there is no private right of action for a plaintiff who claims a business provided incorrect credit information "unless the business received notice from the consumer reporting agency that a consumer is disputing his credit information." *Rollins v. Peoples Gas Light & Coke Co.*, 2005 WL 1804356, *2 (N.D.Ill. 2005); *Ruggerio v. Kavlich*, 411 F. Supp. 2d 734, 736 (E.D. Ohio 2005)(motion to dismiss granted because no private cause of action against furnishers); *Daniel v. Asset Acceptance, LLC*, No. 06-15600, 2007 WL 2134640, at *1 (E.D.Mich. 2007)(claims dismissed because no private right of action created by FCRA); see also *Wexler v. Bank of Amer. Auto Fin. Corp.*, 2001 WL 428155, *2 (N.D.Ill. 2001). That did not happen here, and, as a result, plaintiff's FCRA claims fail. *Cook v. Experian Information Serv.*, No. 02 C 3381, 2002 WL 31718624, *1 (N.D.Ill. 2002)(J. Zagel)(FCRA claims dismissed with prejudice because no allegation that furnisher received notice from credit bureaus of dispute).

In this case, plaintiff alleges that he disputed information related to his ComEd account with CBE. (Ex. A, ¶10, 11). However, plaintiff does not allege the consumer reporting agencies notified CBE about his disputes related to the ComEd account. In fact, plaintiff alleges exactly

the opposite- that CBE failed to "verify or investigate and instead just reported without proof to consumer reporting agencies derogatory information." (Ex. A, ¶70). Even so, direct notification from a consumer is not enough. *Ruggerio*, 411 F. Supp. 2d at 737; *Westbrook v. Fifth Third Bank*, No. 3:05-0664, 2005 WL 3240624, at *3-5 (M.D. Tenn. 2005)(holding the duties under the FCRA are triggered only by notice from a consumer reporting agency; notice from a consumer is not enough). As such, plaintiff's FCRA case against CBE is doomed and his claim should be dismissed with prejudice. *Larry Cherry v. Debt Recovery Solutions, Inc., et al.*, No. 05 C 4622, dismissal order, p. 2 (August 15, 2005)(dismissing Mr. Cherry's FCRA claim *sua sponte* against multiple debt collectors because no private right of action available under the FCRA)(Ex. B).

   **B.**  **Plaintiff's negligence claim is preempted by the FCRA's exclusive remedy.**

  Plaintiff alleges that CBE was negligent because it furnished inaccurate information about him to credit bureaus when he disputed the ComEd trade line with CBE. (Ex. A, ¶63, 66, 70). However, the FCRA expressly preempts state law claims arising from alleged transmission of inaccurate information to a consumer reporting agency. 15 U.S.C. §1681s-2(a).

  Section 1681s-2(a) of the FCRA requires that furnishers of information supply accurate information to consumer reporting agencies and must be read in conjunction with §1681t(b)(1)(F). Section 1681t(b)(1)(F) provides that any state law claim implicating a furnisher's duty to transmit accurate information is preempted. Accordingly, courts have repeatedly held that state law claims based on furnishing allegedly false or inaccurate information to a consumer reporting agency are preempted. See, *Ross v. Washington Mutual Bank*, 566 F. Supp. 2d 468 (E.D.N.C. 2008); *Johnson v. JPMorgan Chase Bank*, 536 F. Supp. 2d 1207, 1214-15 (E.D. Cal. 2008); *Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255 (M.D. Ala.

2007); *Pacheco v. Citibank (South Dakota), N.A.*, 2007 WL 1241934, at *2 (N.D. Cal. 2007)("Any state statutory or common law claims premised on the provision of inaccurate or false information to a consumer reporting agency are therefore preempted by the FCRA."); *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1130 (S.D. Cal. 2005); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143-44 (N.C. Cal. 2005); *Davis F. Maryland Bank*, No. 00-04191, 2002 WL 32713429 (N.D. Cal. 2002).

Here, plaintiff alleges that CBE furnished derogatory information about him to consumer reporting agencies. Since CBE's duty to accurately report information is regulated by §1681s-2(a), and plaintiff's negligence claim is based upon this duty, the claim is preempted and must be dismissed with prejudice.

### C. Plaintiff fails to state a claim against CBE under the FDCPA.

The FDCPA is referenced once in the Complaint as to CBE. Count VII's heading reads: "Count Seven-Violations of Fair Debt Collection Practices Act and Fair Credit Reporting Act, Negligence." (Ex. A, Count VII). However, Count VII does not provide CBE with notice of the FDCPA claims against it. This reason alone requires dismissal of plaintiff's FDCPA claim against CBE.

Under Fed. R. Civ. P. 12 (b)(6), a complaint's sufficiency is tested to determine whether "accepting the allegations … as true and construing them liberally in favor of the plaintiff, the complaint fails to allege enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). A complaint must contain "more than the unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Dismissal is warranted if the complaint lacks an

allegation as to a necessary element of the claim raised.  *Craighead v. E.F. Hutton & Co*., 899 F.2d 485, 489-90 (6th Cir.1990).

Here, plaintiff's Complaint does not make one allegation against CBE related to its conduct that allegedly violated the FDCPA.  Thus, defendant has no idea what FDCPA claims it has to defend.  To the extent plaintiff attempts to bootstrap his allegations that CBE furnished derogatory information to the credit bureaus and did not "verify or investigate" the information provided to the bureaus, he cannot do so.  A collection agency does not have a duty to delete all references to a debt whenever a debt is contested.  See*, Bloom v. I.C. Sys., Inc.*, 972 F. 2d 1067, 1069-70 (9th Cir. 1992).

Plaintiff's Complaint does not state an FDCPA cause of action against CBE.  Therefore, plaintiff's FDCPA claim should be dismissed with prejudice.

WHEREFORE, Defendant, The CBE Group, Inc., respectfully request that this Court enter an order dismissing Count VII of plaintiff's Complaint against it with prejudice.

Respectfully submitted,

 *s/*             *Corinne C. Heggie*
One of the attorneys for Defendant,
**The CBE Group, Inc.**

David M. Schultz
Corinne C. Heggie
HINSHAW & CULBERTSON LLP
222 N. LASALLE STREET, SUITE 300
CHICAGO, IL  60601
(312) 704-3000

5

6501177v1 905215 33