# EXHIBIT A

IN THE NORTHERN DISTRICT OF ILLINOIS
UNITED STATES DISTRICT COURT
EASTERN DIVISION

Larry Cherry
   **Plaintiff**

Vs.

AssetAcceptance Inc., Ballys Inc.,
Applied Bank Inc., First Premier Inc.,
Commonwealth Edison, CBE Group
Inc. and Jutla Sanjay, Individually
Illinois Collection Services Inc.
Harvard Collections Inc., Nationwide
Credit and Collections Inc.
HSBC Bank Inc.

   **Defendants**

RECEIVED
AUG 06 2009
MICHAEL W. DOBBINS
CLERK, U S DISTRICT COURT

JURY DEMAND

09C 4825

MAGISTRATE JUDGE COX
JUDGE ZAGEL

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the defendants for violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act as well as supplemental state claims and Truth in Lending Violations.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is lies properly under 15 U.S.C. 1681p, 28 U.S.C. 1331, 1337 and 15 U.S.C. 1692et seq. and supplemental jurisdiction under 28 U.S.C. 1367

Venue lies properly in this district pursuant to 28 U.S. C. 139b.

### PARTIES

3. Plaintiff Larry Cherry is an adult citizen and resident of the State of Illinois.

4. Asset Acceptance Corporation is a Michigan Corporation doing business in the State of Illinois.

5. Commonwealth Edison is a Illinois Corporation doing business in the State of Illinois.

6. CBE Group is a Iowa corporation doing business in the State of Illinois.

7. Applied Bank Inc.. is a Delaware corporation doing business in the State of Illinois.

8. Harvard Collections is a Illinois Corporation doing business in the State of Illinois.

9. First Premier Bank is a Illinois corporation doing business in the State of Illinois.

10. Bally's Total Fitness is a Illinois corporation doing business in the State of Illinois.

11. Jutla Sanjay is an attorney practicing in the State of Illinois whose regular business in the collection of debts pursuant to the definition of debt collector under the Fair Debt Collection Practices Act.

12. Nationwide Collections is a Illinois corporation doing business in the State of Illinois.

13. Illinois Collection Services is a Illinois corporation doing business in the State of Illinois.

14. HSBC Bank is a _____ corporation doing business in Illinois

## FACTUAL ALLEGATIONS

10. Defendants First Premier Bank, Bally's Total Fitness, Jutla Sanjay, Applied Bank, CBE Group, Commonwealth Edison, Asset Acceptance have all made derogatory reports to one or more of the major three credit bureaus in the name of Plaintiff Cherry.

11. Plaintiff has sent certified communications to the credit bureau and to each defendant to rectify the incorrect reporting.

12. To date all listed Defendants have refused to remove their erroneous reporting.

13. All Defendants have willfully, intentionally, negligently and repeatedly verified erroneous information to Plaintiff's credit.

14. Defendants have been reporting derogatory and inaccurate statements relating plaintiff's credit history.

15. The inaccurate information of Plaintiff complains is an account or trade line.

16. However, the Defendants have disseminated credit reports that the information is reported correctly.

17. The have been and continue to be disseminated to various persons and credit grantors both known and unknown.

18. Defendants have continued to publish the inaccurate information to various third parties, person, entities and credit grantors

19. Despite Plaintiff's efforts to date, defendants have nonetheless deliberately, willfully, wantonly, intentionally, recklessly, negligently continued to report this information as belonging to the plaintiff.

20. Plaintiff has been damaged and continues to be damaged in the following ways.
    a. Denial of credit by several creditors over the past few years.
    b. Out of pocket expenses associated with disputing the information only to find that the information remained on the report.
    c. Emotional distress and mental anguish associated with having incorrect derogatory information transmitted to people both known and unknown.
    d. Decreased credit score which may result in inability to retain credit on future attempts.

21. At all times hereto, the conduct of the defendants, as well as that of their agents, servants and/or employees was malicious, willful, intentional, reckless, and in grossly negligent disregard for the federal and state law and the rights of the plaintiffs therein.

### COUNT ONE—VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT AND FAIR CREDIT REPORTING ACT, ILLINOIS UDAP VIOLATION and FRAUD UPON THE COURT

1. Plaintiff incorporates the foregoing paragraphs labeled "FACTUAL ALLEGATIONS" as through the same were set forth at length herein.

2. Defendants Asset Acceptance is a collection agency as defined under the FDCPA 15 U.S.C. 1692 et. Seq.

3. Defendants Jutla Sanjay is a collection attorney as defined under the FDCPA 15 U.S.C. 1692 et. Seq.

4. Defendant Asset Acceptance has made numerous erroneous reports to the various consumer reporting agencies on the credit report of Plaintiff, including changing the Date of Last Activity as if various accounts were much more recent than may have been the actual facts.

5. Specifically, Defendant Asset Acceptance reported a collection account to the three major credit reporting agencies stating that Plaintiff had a last activity date for a Ameritech account several years after Plaintiff had any dealings with the company.

6. On numerous occasions Plaintiff sent certified letters to Defendant Asset Acceptance and the major credit bureaus protesting the erroneous reporting.

7. Defendant Asset Acceptance blatantly disregarded numerous communications from Plaintiff and continued to report inaccurate statements about the Ameritech account to the three major credit reporting agencies.

8. On 5/23/07 Defendant Asset Acceptance and Jutla Sanjay filed an action for damages against Plaintiff in the Circuit Court of Cook County. Plaintiff's agent misrepresented to the Cook County Circuit court that Plaintiff Larry Cherry had been served by alias summons on 9/14/07 and on 10/25/07. (See Attached- certificate of service)

9. Defendant Asset Acceptance and Jutla Sanjay obtained an judgment in Illinois state court by proceeding without having subjected Plaintiff to jurisdiction of the court by proper filing.

10. Plaintiff Cherry knew nothing of these proceedings until having checked his credit months later.

11. Plaintiff Cherry has filed a Petition to Vacate the judgment for lack of jurisdiction in the trial court where the judgment was erroneously entered and a hearing is pending.

12. Plaintiff Cherry has suffered considerable damages from loss of business and credit opportunities due to Defendant Asset Acceptance and Jutla Sanjay"s actions.

13. Defendant Asset Acceptance reported another account on Plaintiff's credit report regarding a Bally's account.

14. Plaintiff Cherry contacted Asset Acceptance prior to their reporting and informed them that Bally's did not have a valid account with him because on the contract Plaintiff Cherry reserved all his rights.

15. Plaintiff Cherry paid Bally's for all months that he utilized the service despite the fact that there was no legally binding contract.

16. When Plaintiff's son passed in January of 2008 and Bally's kept charging him for His son's membership and other people who Cherry had attached to his membership, Cherry decided to no longer use the service since Bally's would not let him transfer the memberships to others who could use them.

17. Cherry informed Asset Acceptance on several occasions of the facts and the fact there was no valid contract due to Cherry reserving his rights according to the Uniform Commercial Code 1-207(*Reservation of Rights*)

18. Defendant Bally never had a valid enforceable contract with Plaintiff.

19. Defendant Bally and Asset Acceptance knew or should have known that the contract was unenforceable.

20. Defendant Asset Acceptance ignored these facts and reported derogatory information to various credit reporting agencies thereby lowering Plaintiffs credit score and causing him to lose opportunities to have credit extended to him for business purposes which deprived him of potential income and generally lowered his creditworthiness.

21. Defendants Asset Acceptance willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. 1681i(a);

22. The conduct of the defendant was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief, as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders;

    j. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting

  to any and all persons and entities to whom they report consumer credit information.
- k. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
- l. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
- m. Such and other relief that may be necessary just and proper.

### COUNT TWO – FRAUD and Truth in Lending Violation

23. Plaintiff incorporates the foregoing paragraph labeled "FACTUAL ALLEGATIONS" as though the same were set forth at length herein.

24. Defendant First Premier Bank was a credit account opened by Plaintiff over the Internet.

25. Defendant First Premier Bank represented to Plaintiff that he would receive a credit card with a $600.00 limit.

26. When Plaintiff received the card, $280 dollars had already been put on it by First Premier themselves.

27. Defendant First Premier Bank represented in their internet advertisement that the APR was somewhere between 20 and 30%.

28. The actual APR was more than double that amount because the finance charges already charged in advance on the card was not computed in the APR.

29. Defendant First Premier Bank did not adequately inform Plaintiff that the card came "pre-charged".

30. Plaintiff protested the "pre-charge" on numerous occasions to no avail.

31. Finally in frustration, Plaintiff sent a document that was not drawn on any bank stating a presumed value of $4,000.00 dollars.

32. Defendant First Premier Bank did not return the negotiable instrument designed by the Plaintiff.

33. Since Defendant First Premier Bank did not return it they accepted it by default.

34. The account was considered paid in full by Plaintiff and basic contract law precepts of offer and acceptance.

35. Defendant First Premier Bank has maintained regularly derogatory reportings to credit bureau stating that Plaintiff owes a balance on said account.

36. Defendant First Premier Bank willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. 1681i(a);

37. The conduct of the defendant was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damage and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief, as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders:

   e. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
   f. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
   g. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
   h. Such and other relief that may be necessary just and proper.

## COUNT THREE – VIOLATIONS OF FCRA, VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT and TRUTH IN LENDING ACT

38. Plaintiff incorporates the foregoing paragraph labeled "FACTUAL ALLEGATIONS" as through the same were set forth at length herein.

39. Defendant applied for a guaranteed credit card with Applied Bank and deposited $500 for a credit limit of $500.00.

40. At no time was defendant allowed to charge more than $500.00

41. The $809 dollar represents so-called fees charged by Applied Bank for late fees and other miscellaneous fees.

42. Defendant Applied Bank placed a derogatory rating on Plaintiff's report stating that Plaintiff owed Defendant Applied Bank $809.00 dollars

43. The interest charged on the Applied Bank account is more than ten times the amount stated in their quotation of the APR on the internet where Plaintiff received the card.

44. Plaintiff in effect was funding their own credit card and paying enormous fees to Applied Bank.

45. Defendant Applied Bank willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. 1681i(a);

46. The conduct of the defendant was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief, as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders;

i. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
j. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
k. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
l. Such and other relief that may be necessary just and proper.

## COUNT FOUR—FRAUD, MISREPRESENTATION, FCRA VIOLATIONS, VIOLATION OF U.C.C. 3:603

47. Plaintiff incorporates the foregoing paragraph labeled "FACTUAL ALLEGATIONS" as though the same were set forth at length herein.

48. Defendant First Premier issued a credit card to Plaintiff in 2004.

49. When Plaintiff received card there was a charge of $239.00 for various fees on a card with the credit limit being $500.00.

50. Plaintiff sent payment of $4,000.00 to increase credit limit and pay off balance within 90 days of receiving card.

51. Defendant refused to credit said account and never returned the payment.

52. According to 3:603 of the Uniform Commercial Code "a tender of amount" refused constitutes satisfaction of the amount tendered.

53. The account is paid in full due to Defendant's refusal to apply valid payment.

54. First Premier Inc. has continued to report the account with a remaining balance and bearing late payments.

55. Plaintiff First Premier willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in dispute of 15 U.S.C. 1681i(a);

56. The conduct of the defendant was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief, as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders:

    m. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
    n. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
    o. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
    p. Such and other relief that may be necessary just and proper.

57. Defendants Harvard Collections, Illinois Collection Service and Nationwide Credit and Collections are reporting derogatory information about Plaintiff regarding various hospital bills to major credit reporting agencies.

58. At the time of the bills in question, Plaintiff maintained full medical insurance.

59. The bills in question were paid in full.

60. Defendants Harvard Collections Inc., did not verify validity of debt before reporting derogatory information on Plaintiff Cherry.

61. Defendants Harvard Collections, Illinois Collection Service and Nationwide Credit and Collections willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. 1681i(a);

62. The conduct of the defendants was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief, as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders;

    q. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
    r. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
    s. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
    t. Such and other relief that may be necessary just and proper.

## COUNT SEVEN – VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT AND FAIR CREDIT REPORTING ACT, NEGLIGENCE

Plaintiff incorporates the foregoing paragraph labeled "FACTUAL ALLEGATIONS" as though the same were set forth at length herein.

63. In February of 2009 Defendant CBE Group a collector for Commonwealth Edison entered a derogatory trade line for an outstanding balance owed to Comed by Plaintiff for $1247.00 with the date of last activity reported as February of 2009.

64. The account does not belong to Plaintiff.

65. Plaintiff has not maintained an active account with ComEd for at least five years.

66. Upon information and belief CBE Group uses illegal and erroneous reporting of dates of last activity to drastically decrease the credit score of people they are attempting to collect form in order to force them into paying on accounts that may or may not be valid.

67. Plaintiff contacted Defendant CBE Group on two occasions to dispute it.

68. The erroneous trade line still remains.

69. Upon information and belief, ComEd is the principal in an agency relationship with CBE Group a debt collector.

70. Upon information and belief, ComEd reported the erroneous bill regarding Plaintiff to their agent CBE Group who neglected verify or investigate and instead just reported without proof to consumer reporting agencies derogatory information.

71. The combined actions of ComEd and CBE Group have damaged Plaintiff's credit and prevented business opportunities and loss of potential income.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders;

  e. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
  f. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
  g. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
  h. Such and other relief that may be necessary just and proper.

### COUNT THREE – VIOLATIONS OF FCRA, VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT and TRUTH IN LENDING ACT

72. Plaintiff incorporates the foregoing paragraph labeled "FACTUAL ALLEGATIONS" as through the same were set forth at length herein.

73. Defendant applied for a guaranteed credit card with HSBC Bank and deposited $500 for a credit limit of $500.00.

74. At no time was defendant allowed to charge more than $500.00

75. The $878 dollar represents so-called fees charged by HSBC Bank for late fees and other miscellaneous fees.

76. Defendant HSBC Bank placed a derogatory rating on Plaintiff's report stating that Plaintiff owed Defendant Applied Bank $878.00 dollars

77. The interest charged on the HSBC Bank account is more than ten times the amount stated in their quotation of the APR on the internet where Plaintiff received the card.

78. Plaintiff in effect was funding their own credit card and paying enormous fees to HSBC Bank.

79. Defendant HSBC Bank willfully and negligently failed to conduct a reasonable and proper investigation concerning the accuracy of the information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. 1681i(a);

80. The conduct of the defendant was a direct and proximate cause, as well as a substantial factor, in bringing about injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendants are liable to the Plaintiff for the full amount of the actual, statutory and punitive damages along with attorney's fees and the costs of litigation, as well as such other relief, as may be permitted by law.

Wherefore, the Plaintiff prays that this Honorable Court enter the following orders;

   u. An order directing the Defendant immediately delete all of the inaccurate information from the Plaintiff's credit report and files and cease reporting to any and all persons and entities to whom they report consumer credit information.
   v. An order directing that Defendant pay actual damages to Plaintiff incurred as a result of Defendant's actions
   w. An order directing that Defendant pay statutory damages incurred by Defendant to Plaintiff as a result of Defendant's actions
   x. Such and other relief that may be necessary just and proper.

This is a complaint for damages exceeding $75,000.00

Respectfully Submitted,

_____
Larry Cherry, Pro Se
630 E. 90th St.