# EXHIBIT B

Case 1:05-cv-04622   Document 35-3   Filed 08/05/2009   Page 2 of 3



## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 05 C 4622 | DATE | 8/15/2005 |
| CASE TITLE | Larry Cherry vs. Debt Recovery Solutions Inc. et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Cherry's petition to proceed IFP is denied and his case is dismissed. Cherry is given leave to file a first amended complaint that states a claim if consistent with Federal Rule of Civil Procedure 11. Cherry's first amended complaint must be filed with this court no later than September 15, 2005.

■ [ For further details see text below.]   Notices mailed by judge's staff.

### STATEMENT

Plaintiff Larry Cherry ("Cherry"), filed a *pro se* complaint on August 12, 2005 against defendants Debt Recovery Solutions Inc., Millennium Inc., Citifinancial Inc., Litton Mortgage Services Inc., First Premier Inc., Select Portfolio Servicing Inc., Harvard Collections Inc., Officemax Inc., Associates Finance Inc., American Collections Inc., Z-Tel Communications Inc., and Medical Business Bureau Inc (collectively "defendants"), under the Federal Credit Reporting Act ("FCRA"). 15 U.S.C. § 1681 *et seq.* Cherry also filed a petition to proceed *In Forma Pauperis* ("IFP"). For the reasons set forth below, Cherry's petition to proceed IFP is denied and his case is dismissed.

Cherry's complaint alleges that the defendants have made derogatory and incorrect statements about his bill payment history to the three major credit reporting bureaus. These allegedly false statements have impacted his credit score and overall financial health. Cherry seeks an order from this court directing the defendants to stop reporting this information, delete the inaccurate information from his credit report and monetary damages.

Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. "The purpose of § 1915 is to ensure that indigent litigants have meaningful access to the courts. The statute therefore allows an [indigent] litigant to commence an action in federal court without paying the administrative costs of the lawsuit." *McClain v. United States Dep't of Justice*, No. 97 C 385, 1997 WL 53112 (N.D. Ill. Feb. 6, 1997) (citations omitted). The court is required to deny a request to proceed IFP if (1) the allegation of poverty is untrue, (2) the action is frivolous or fails to state a claim, or (3) seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

Cherry's IFP petition must be denied, and his case dismissed, because he fails to state a claim upon which relief maybe granted. Although the FCRA "creates a private right of action against a consumer

## STATEMENT

reporting agency," *Wantz v. Experian Information Sys.*, 386 F.3d 829, 833 (7th Cir. 2004), there is no private right of action for a plaintiff alleging that a business has provided incorrect credit information, *Rollins v. Peoples Gas Light and Coke Co.*, – F. Supp. 2d –, 2005 WL 1804356, at *2 (N.D. Ill. July 27, 2005), unless the business has received "notice from the consumer reporting agency that a consumer is disputing the credit information." *Wexler v. Banc of America Auto. Fin. Corp.*, No. 00 C 0865, 2001 WL 428155, at *2 (N.D. Ill. Apr. 26, 2001). Cherry's present claim only alleges that he has communicated the disputed credit information directly to the defendant businesses. He does not allege any communication from the consumer reporting agency to the defendants.

The appropriate disposition is to dismiss Cherry's present complaint but with leave to file an amended complaint that brings a claim under the FRCA. Cherry should investigate whether the consumer reporting agencies have informed the defendants of his disputes over his credit report. Cherry should then file an amended complaint if, after his investigation, he determines that the defendants' failures fall within the recognized cause of action under the FRCA.

For the reasons set forth below, plaintiff Cherry's petition to proceed IFP is denied and his case is dismissed. Cherry is given leave to file a first amended complaint that states a claim if the amended complaint is consistent with Federal Rule of Civil Procedure 11. Cherry's first amended complaint must be filed with this court no later than September 15, 2005.